## GRAHAM *v.* PLANO MANUF'G Co.

*(Circuit Court, N. D. Illinois.* June 7, 1888.)

PATENTS FOR INVENTIONS—DAMAGES FOR INFRINGEMENT—ROYALTY—INTEREST.
An allowance by a circuit court of three dollars per machine as damages for an infringement, not made on the basis of a customary charge, is not such an establishment of a fixed royalty as will entitle the owner of the patent, in a subsequent suit for another infringement, in which he recovered damages at the same rate, to interest on such damages from the date of infringement, especially where, in another suit, a larger rate was contended for by him.

In Equity. On bill for injunction.

For report of the decision in this case holding that defendant infringed complainant's patent, see 33 Fed. Rep. 917.

*Banning & Banning,* for complainant.

*Coburn & Thacher,* for defendant.

BLODGETT, J. On final hearing the court found that defendant infringed the complainant's patent as charged, and entered an interlocutory decree referring the case to a master to take and report proofs as to the complainant's damages. The parties now come into court and stipulate that the defendant has manufactured, between the first of the year 1882 and the 11th of February, 1885, at which last date the patent expired, 4,624 machines containing the devices which the court, on final hearing, held to infringe the complainant's patent; and have also stipulated that the complainant is entitled to recover at the rate of three dollars for each machine so manufactured, and that a final decree may be entered fixing complainant's damages on the basis of this agreement, unless the court shall be of opinion that complainant is entitled to recover interest upon the damages so incurred; and, in case the court shall so find, the decree is to be entered for the amount agreed upon, with interest added; that the defendant is not to be considered as consenting to such allowance of interest or to the decree; the stipulation, as I understand the parties, being made solely to save the delay and expense of a reference.

It is contended on the part of the complainant that he should be allowed interest at the rate of 6 per cent. per annum from the end of each year for the infringements of that year, on the ground that in the case of *Graham* v. *Manufacturing Co.*, 24 Fed. Rep. 642, which was a suit involving infringement of the same patent, decided in 1880, (11 Fed. Rep. 138,) the United States court for the Eastern district of Wisconsin fixed the damages at the rate of three dollars per machine, and therefore that, at the time defendant's infringements began, the complainant's royalties for the use of the patent had been fixed at three dollars per machine. I do not concur with the complainant's counsel upon this question. The proof shows that after the decision in *Graham* v. *Manufacturing Co.*, the case of *Graham* v. *McCormick*[1] came up for final disposition on the ques-

[1] Petition for rehearing, unreported. See 11 Fed. Rep. 859, note, 868.

tion of damages in this court, and in the latter case it was strenuously contended in behalf of the complainant that the complainant had never fixed the royalty at three dollars per machine, but should be allowed at least five dollars per machine, as the lowest royalty which the owner of the patent had ever given a licensee. The master, however, followed Judge Dyer's ruling in the Wisconsin case, and fixed the damages at three dollars per machine, and his finding was confirmed by the circuit judge in April, 1885. Undoubtedly, where the owner of a patent has established a customary charge for the use of his patent, the measure of his damages in case of infringement is that charge, with interest from the date of the infringement. *McCormick* v. *Seymour*, 3 Blatchf. 224. But the royalty or fixed license fee must be established generally, and must be uniform, and proof of a simple license is not enough. *Judson* v. *Bradford*, 3 Ban. & A. 549. I do not understand Judge Dyer's decision in the Wisconsin case to proceed upon the ground of an established customary charge, but he assumed that three dollars per machine,—which was what the owner of the patent had granted one licensee on certain conditions,—as "most nearly measuring or approximating the compensation in damages to which the complainant is entitled." The owner of the patent did not, however, acquiesce in this decision, but on the next opportunity contended for a larger sum. I therefore conclude that no customary charge or royalty had been fixed by the owner of this patent for its use at the time of the infringements found in this case, and shall therefore award damages at the rate of three dollars per machine, with interest from the date of the interlocutory decree.